IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DANIEL W. PHOENIX,**

    **Plaintiff,**

**v.**     Civil Action No. 3:23cv335

**STEVE HERRICK,** *et al.,*

    **Defendants.**

<u>**MEMORANDUM OPINION**</u>

Daniel W. Phoenix, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983.[1] The action is proceeding on Phoenix's Complaint. (ECF No. 1.) The following Defendants have filed a Motion to Dismiss, (ECF No. 19): Steve Herrick, Leslie Fleming, J.D. Oates, Captain Epps, and Correctional Officer Dawson ("Defendants").[2] Defendants and the Court provided Phoenix with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court employs the spelling for Defendants' names contained in their Motion to Dismiss. Defendants were employed by the Virginia Department of Corrections ("VADOC"). The Court corrects the spelling, punctuation, and capitalization in quotations from the parties' submissions. The Court does not include facts and claims against other defendants who have not filed the Motion to Dismiss currently before the Court.
    At the time he filed the Complaint, Plaintiff's last name was Jamison. The Court employs Plaintiff's current last name in the quotations from the Complaint.

1975). (ECF Nos. 21, 33.) Phoenix has responded. (ECF No. 26.)[3] For the reasons set forth below, the Motion to Dismiss, (ECF No. 19), will be GRANTED.

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

---

[3] In his Response, Phoenix attempts to allege new facts and provide evidence to correct the deficiencies in his Complaint identified by Defendants. Phoenix may not do so. "[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (internal citations omitted) (internal quotation marks omitted). To the extent that Phoenix wishes the Court to consider additional facts buried in the sixty-nine pages of his Response, he should file an appropriate Amended Complaint.

2

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Pertinent Allegations

"Steve Herrick is the VADOC Health Services Director and is responsible for the administration of facility medical departments and services. He is responsible for investigating inmates' allegations of improper medical services . . . ." (ECF No. 1 ¶ 6.) "Leslie Fleming is the Eastern Regional VADOC administrator and is responsible for the facility administration and the overall safety and wellbeing of the inmates . . . ." (ECF No. 1 ¶ 7.) "J.D. Oates is the Asst. Warden of Deerfield Corr. Center . . . ." (ECF No. 1 ¶ 8.) "Capt. Epps is a Watch Commander

3

at Deerfield Corr. Center . . . ." (ECF No. 1 ¶ 9.) "C.O. Dawson is the Sally Port/Transportation officer who was responsible for Phoenix's safety and wellbeing during and returning from medical transportation." (ECF No. 1 ¶ 11.)

On March 15, 2018, Phoenix was transferred to the VADOC. (ECF No. 1 ¶ 18.) On January 28, 2023, Phoenix was returning from an outside medical appointment in a van. (ECF No. 1, ¶ 20.) The step on the van would not pull out. (ECF No. 1 ¶ 32.) Correctional Officer Ferguson directed Phoenix "to dismount the van despite the step not being deployed and when Phoenix went to step to the ground the leg shackle caught and Phoenix fell into Ferguson and while Phoenix tried to regain footing the shackles caused trauma to Phoenix's ankle by twisting and pulling hard on Phoenix's ankle causing horrible pain." (ECF No. 1 ¶ 32.)[4] Phoenix was taken the medical department. (ECF No. 1 ¶ 21.) Phoenix had no swelling at that time and was told to if he had any issues to submit an emergency grievance. (ECF No. 1 ¶ 21.)

Subsequently Phoenix submitted an emergency grievance and he was provided crutches, an ace bandage, Tylenol, and ice. (ECF No. 1 ¶ 22.) Phoenix also was scheduled for x-rays and to see the doctor. (ECF No. 1 ¶ 22.) On February 2, 2023, Phoenix's x-rays revealed that he had "soft tissue swelling, degenerative changes, significant hardware from previous hardware and fracture[d] tibial screw." (ECF No. 1 ¶ 23.)

Phoenix filed an informal complaint and met with Capt. Epps about his medical care. (ECF No. 1 ¶ 24.) Capt. Epps stated Phoenix "was returned without incident, reported no medical injuries, and no incident occurred despite Phoenix telling him of the crutches, wrap, and x-ray." (ECF No. 1 ¶ 24.) "Epps offered no help and obstructed any attempt at administrative help." (ECF No. 1 ¶ 37.)

---

[4] Phoenix contends that VADOC policy required two officers to be present upon his removal from the van and that the leg shackles were not long enough. (ECF No. 1 ¶ 32.)

4

On February 20, 2023, NP Maranna scheduled Phoenix to see Dr. Hensroth, an on-site orthopedist, despite the fact that Phoenix was not supposed to see Dr. Hensroth because he had provided inadequate medical care to Phoenix in the past. (ECF No. 1 ¶ 25.)

Thereafter, Phoenix received a late and inaccurate response from Capt. Epps to his written complaint. (ECF No. 1 ¶ 26.) Phoenix filed a grievance that J.D. Oates determined to be unfounded. (ECF No. 1 ¶ 37.)

Phoenix's ankle "continued to get worse with numbness in his feet and stabbing sharp pain in his ankle and his lower leg . . . ." (ECF No. 1 ¶ 28.)

On April 27, 2023, Dr. Hensroth saw Phoenix and informed him that his pain and numbness were from arthritis. (ECF No. 1 ¶ 29.) Dr. Hensroth offered to provide Phoenix with a shot of cortisone. (ECF No. 1 ¶ 29.) Phoenix refused the shot because Dr. Hensroth's hands were shaky and Phoenix has had many shots of cortisone in his ankles and they are ineffective. (ECF No. 1 ¶ 29.) Phoenix believes that he needs an MRI. (ECF No. 1 ¶ 29.)

With respect to the Defendants who filed the Motion to Dismiss, Phoenix makes the following claims:

| | |
|---|---|
| Claim 1 | Defendant Herrick violated Phoenix's Eighth Amendment[5] rights "through his deliberate indifference to Phoenix's serious medical conditions resulting from his ankle injury by ignoring Phoenix's requests for help as he was not receiving proper, timely, or adequate medical care that that continues to cause physical, mental, and emotional injury . . . ." (ECF No. 1 ¶ 40(a).)[6] |
| Claim 2 | Defendant Oates violated Phoenix's Eighth Amendment rights "through his deliberate indifference to Phoenix's serious medical ankle injuries caused by his staff, by ignoring Phoenix's request for help as Phoenix was hurt by his staff and then not provided proper, timely or adequate medical services that comport with federal and state laws or VADOC policies . . . ." (ECF No. 1 ¶ 40(b).) |

---

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] The Complaint contains two paragraphs number "40." The Court refers to first paragraph as 40(a) and the second paragraph 40(b).

| | |
|---|---|
| Claim 3 | Defendant Fleming violated Phoenix's Eighth "Amendment rights through his deliberate indifference to Phoenix's serious medical ankle injuries caused by VADOC staff and by ignoring Phoenix's pleas for help as . . . Phoenix was not receiving proper, timely, or adequate medical services that comport with federal and state laws or VADOC policies . . . ." (ECF No. 1, ¶ 41.) |
| Claim 4 | Defendant Epps violated Phoenix's Eighth "Amendment rights through his deliberate indifference to Phoenix' serious medical ankle injuries caused by staff he is responsible for and ignoring Phoenix's pleas for help as Phoenix was not receiving proper, timely, or adequate medical care that services that comports with federal and state laws or VADOC policies . . . ." (ECF No. 1, ¶ 42.) |
| Claim 5 | Defendant Dawson violated Phoenix's Eighth "Amendment rights by being deliberately safety and wellbeing by being deliberately indifferent to Phoenix's safety and wellbeing resulting in Phoenix's serious ankle injuries by not following federal and state laws or VADOC policies as a transportation/sally port officers charged with Phoenix's safety . . . ." (ECF No. 1, ¶ 44.) |

Phoenix demands monetary damages and injunctive relief. (ECF 1 ¶¶ 59–62.)

### III. Analysis

#### A. Defendant Herrick

To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Phoenix only mentions Defendant Herrick to state his title and conclusory assert that he ignored Phoenix

6

complaints that he was not receiving appropriate medical care. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (observing that plaintiffs cannot satisfy their responsibility under Rule 12(b)(6) with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Phoenix has not stated facts in his Complaint sufficient "to raise a right to relief above the speculative level." *Id.* (citation omitted); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Bell Atlantic Corp.*, 550 U.S. at 557). Accordingly, Claim 1 against Defendant Herrick will be DISMISSED WITHOUT PREJUDICE.

### B. Defendants Oates, Fleming, and Epps

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See*

7

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to

medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

As was the case with Defendant Herrick, Phoenix's claims against Defendant Oates, Fleming, and Epps rely almost entirely on naked allegations of wrongdoing. *See Francis*, 588 F.3d at 193 (citation omitted). Phoenix contends that these Defendants were deliberately indifferent to the inadequate medical care that he was receiving. But these Defendants are not medical professionals charged with providing that care. "If a prisoner is under the care of medical experts . . ., a nonmedical prison official will generally be justified in believing that prisoner is in capable hands." *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir. 2008) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). It is certainly possible for officials not directly involved in the provision of medical care "to be put on sufficient notice of the violation" such that their failure to act constitutes deliberate indifference. *Rowe v. Clarke*, No. 3:19cv780, 2019 WL 2477612 at *4 (E.D. Va. June 13, 2019) (citing *Vance v. Peters*, 97 F.3d 987, 992–94 (7th Cir. 1996)). In order to do so, the plaintiff must "allege[] facts that indicate 'that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety.'" *Metcalf v. GEO Grp., Inc.*, 3:19CV842-HEH, 2021 WL 2385103, at *8 (E.D. Va. June 10, 2021) (some internal quotation marks omitted) (quoting *Vance*, 97 F.3d at 993), *aff'd* No. 22-6269, 2024 WL 2827930 (4th Cir. June 4, 2024). In his Complaint, Phoenix fails to provide sufficient facts about the contents of his communications with Oates, Fleming, and Epps such that their failure to respond differently amounts to deliberate indifference. Phoenix's vague allegations fall short of permitting the conclusion that his communications placed Defendants Oates, Fleming, and Epps

on sufficient notice of an excessive risk to Phoenix's health or safety. As such, Phoenix's limited factual allegations fail to "produce an inference of liability strong enough to nudge [his] claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683). Accordingly, Claims 2, 3, and 4 will be DISMISSED WITHOUT PREJUDICE.

### C. **Defendant Dawson**

In Claim 5, Phoenix claims that Defendant Dawson subjected him to cruel and unusual punishment because he failed to prevent Phoenix from falling when exiting the prison van. Phoenix contends this fall was caused by the fact that the van step would not deploy, and his leg shackles were too short. Phoenix, however, fails to allege facts that indicate that Defendant Dawson, who was a sally port officer and not present at the van, was aware of either of these facts. Phoenix fails to state facts that indicate Defendant Dawson was deliberately indifferent to any substantial risk of serious harm to his person. *Cf. Balle v. Kennedy*, 73 F.4th 545, 554 (7th Cir. 2023) ("It is well established that 'slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.'" (quoting *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014))). Accordingly, Claim 5 will be DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

The Motion to Dismiss, (ECF No. 19), will be GRANTED. Claims 1 through 5 will be DISMISSED WITHOUT PREJUDICE. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 02/24/2025
Richmond, Virginia

11